UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

SANDRA RIOS,                            §   No.
                                        §
   Plaintiff,                           §
                                        §
   v.                                   §
                                        §
CAPITAL ONE BANK (USA), N.A.,           §
                                        §
   Defendant.                           §
                                        §

## COMPLAINT

NOW COMES Plaintiff, SANDRA RIOS ("Plaintiff"), through her attorneys, hereby alleges the following against Defendant, CAPITAL ONE BANK (USA), N.A. ("Defendant"):

### INTRODUCTION

1. Plaintiff brings this action on behalf of herself individually seeking damages and any other available legal or equitable remedies resulting from the illegal actions of Defendant, in negligently, knowingly, and/or willfully contacting Plaintiff on Plaintiff's cellular telephone in violation of the Telephone Consumer Protection Act (hereinafter "TCPA"), 47 U.S.C. § 227 *et seq.* and in violation of the Texas Fair Debt Collections Practices Act (hereinafter "TDCPA"), TX FIN § 392.00 *et seq.*

### JURISDICTION AND VENUE

2. Defendant conducts business in the state of Texas, and therefore, personal jurisdiction is established.

3. Jurisdiction of this Court arises under 28 U.S.C. § 1331 and 47 U.S.C. §227(b)(3). See, *Mims v. Arrow Financial Services, LLC*, 132 S.Ct. 740 (2012), holding that federal and state courts have concurrent jurisdiction over private suits arising under the TCPA and *28 U.S.C. 1367* grants this court supplemental jurisdiction over the state claims contained therein

4. Venue is proper in the United States District Court for the Western District of Texas pursuant to 28 U.S.C § 1391(b) because Plaintiff resides within this District and a substantial part of the events or omissions giving rise to the herein claims occurred, or a substantial part of property that is the subject of the action is situated within this District.

**PARTIES**

5. Plaintiff is a natural person residing in the Bexar County, in the city of San Antonio, Texas.

6. Defendant is a Virginia corporation doing business in the state of Texas has its principal place of business in McLean, Virginia.

7. At all times relevant to this Complaint, Defendant has acted through its agents, employees, officers, members, directors, heir, successors, assigns, principals, trustees, sureties, subrogees, representatives and insurers.

**FACTUAL ALLEGATIONS**

8. Defendant is a "person" as defined by 47 U.S.C. § 153 (39).

9. Defendant placed collection calls to Plaintiff seeking and attempting to collect on alleged debts owed by Plaintiff.

10. The alleged debt is a consumer debt as the phrase is defined and used under Tex. Fin. Code Ann. § 392.001.

11. Defendant placed collection calls to Plaintiff's cellular telephone at phone number (210) 452-01XX.

12. Defendant placed collection calls to Plaintiff from phone numbers including, but not limited to (800) 955-6600 and (800) 365-2024.

13. Per its prior business practices, Defendant's calls were placed with an automated telephone dialing system ("auto-dialer").

14. Defendant used an "automatic telephone dialing system", as defined by 47 U.S.C. § 227(a) (1) to place its telephone calls to Plaintiff seeking to collect a consumer debt allegedly owed by Plaintiff, SANDRA RIOS.

15. Defendant's calls constituted calls that were not for emergency purposes as defined by 47 U.S.C. § 227(b)(1)(A).

16. Defendant's calls were placed to a telephone number assigned to a cellular telephone service for which Plaintiff incurs a charge for incoming calls pursuant to 47 U.S.C. § 227(b)(1).

17. Defendant never received Plaintiff's "prior express consent" to receive calls using an automatic telephone dialing system or an artificial or prerecorded voice on her cellular telephone pursuant to 47 U.S.C. § 227(b)(1)(A).

18. On or about July 19, 2018, at or about 4:38 p.m. Pacific Standard Time, the Plaintiff spoke with Defendant's female representative at (800) 955-6600 and requested that Defendant cease calling Plaintiff's cellular phone.

19. During the conversation, Plaintiff gave Defendant both her name and social security number to assist Defendant in accessing her account before asking Defendant to stop calling her cell phone.

20. Plaintiff revoked any consent, explicit, implied, or otherwise, to call her cellular telephone and/or to receive Defendant's calls using an automatic telephone dialing system in her conversation with Defendant's representative on July 19, 2018.

21. Despite Plaintiff's request to cease, Defendant continued to place collection calls to Plaintiff through August 16, 2018.

22. Despite Plaintiff's request that Defendant cease placing automated collection calls, Defendant placed at least Forty-four (44) automated calls to Plaintiff's cell phone.

### FIRST CAUSE OF ACTION
### NEGLIGENT VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT
### 47 U.S.C. § 227

23. Plaintiff repeats and incorporates by reference into this cause of action the allegations set forth above at Paragraphs 1-22.

24. The foregoing acts and omissions of Defendant constitute numerous and multiple negligent violations of the TCPA, including but not limited to each and every one of the above cited provisions of 47 U.S.C. § 227 et seq.

25. As a result of Defendant's negligent violations of 47 U.S.C. § 227 et seq., Plaintiff is entitled to an award of $500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. §227(b)(3)(B).

26. Plaintiff is also entitled to seek injunctive relief prohibiting such conduct in the future.

### SECOND CAUSE OF ACTION
### KNOWING AND/OR WILLFUL VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT
### 47 U.S.C. § 227 et. seq.

27. Plaintiff repeats and incorporates by reference into this cause of action the allegations set forth above at Paragraphs 1-22.

28. The foregoing acts and omissions of Defendant constitute numerous and multiple knowing and/or willful violations of the TCPA, including but not limited to each and every one of the above cited provisions of 47 U.S.C. § 227 et seq.

29. As a result of Defendant's knowing and/or willful violations of 47 U.S.C. § 227 et seq., Plaintiff is entitled an award of $1,500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

30. Plaintiff is also entitled to seek injunctive relief prohibiting such conduct in the future.

### THIRD CAUSE OF ACTION
### VIOLATIONS OF THE TEXAS FAIR DEBT COLLECTION PRACTICES ACT
### TX FIN § 392.00 et. seq.

31. Plaintiff repeats and incorporates by reference into this cause of action the allegations set forth above at Paragraphs 1-22.

32. Defendants violated TDCPA § 392.  Defendants' violations of TDCPA § 392 include, but are not limited to the following:

    a. Defendants violated TDCPA § 392.302(4) by causing Plaintiff's telephone to ring repeatedly or continuously and making repeated or continuous telephone calls, with the intent to harass a person at the called number.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff, SANDRA RIOS, respectfully requests judgment be entered against Defendant, CAPITAL ONE BANK (USA), N.A., for the following:

### FIRST CAUSE OF ACTION

33. For statutory damages of $500.00 multiplied by the number of negligent violations of the TCPA alleged herein (44); $22,000.00;

34. Actual damages and compensatory damages according to proof at time of trial;

## SECOND CAUSE OF ACTION

35. For statutory damages of $1,500.00 multiplied by the number of knowing and/or willful violations of TCPA alleged herein (44); $66,000.00;

36. Actual damages and compensatory damages according to proof at time of trial;

## THIRD CAUSE OF ACTION

37. For injunctive relief to prevent or restrain Capital One Bank (USA), N.A. from further violations of the TDCPA;

38. Actual damages and compensatory damages according to proof at time of trial;

39. Costs and reasonable attorney's fees;

## ON ALL CAUSES OF ACTION

40. Costs and reasonable attorneys' fees; and

41. Any other relief that this Honorable Court deems appropriate.

## JURY TRIAL DEMAND

42. Plaintiff demands a jury trial on all issues so triable.

RESPECTFULLY SUBMITTED,

DATED:  October 8, 2018

By. */s/ Alyson Dykes*
Alyson J. Dykes
Law Offices of Jeffrey Lohman, P.C.
4740 Green River Rd., Suite 310
Corona, CA 92880
T: (657) 500-4317
F: (657) 227-0270
AlysonD@Jlohman.com